UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUCAS CONNOR, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BERNARD GOLDSMITH, ) <br> ) <br> Defendant. ) | Civil No. 4:24-cv-40127-MRG |

## ORDER DISMISSING CASE FOR LACK OF JURISDICTION

**GUZMAN, J.**

In this action, Plaintiff Lucas Connor ("Connor" or "Plaintiff")[1] alleges that after the termination of their online relationship, Defendant Bernard Goldsmith ("Goldsmith" or "Defendant") began an extensive social media campaign to slander Connor. Connor brings claims of intentional infliction of emotional distress and defamation.

Before the Court is a Motion to Dismiss pursuant to Federal Rules of Civil Procedure Rules 12(b)(1)-(2), (3), and (6). [ECF No. 22]. Defendant argues that the Plaintiff does not meet the statutory requirement for amount in controversy to remain in federal court, the Massachusetts Court does not have personal jurisdiction over the Defendant, the venue is improper, and Plaintiff fails to state a claim for relief.

For the reasons stated below, the Motion to Dismiss is **GRANTED.**

---

[1] In Plaintiff's pleadings Connor identifies with "They/Them" pronouns, the Court will use those pronouns accordingly.

1

I. **BACKGROUND**

Except as otherwise noted, the following facts are set forth as alleged in the Amended Complaint. [ECF No. 9].

Plaintiff Connor is a resident of Massachusetts. [Id. at 3]. Defendant Goldsmith is a resident of California. [Id.] Connor states that the parties met online in 2021 and developed an intimate virtual relationship. [ECF No. 9-1 ¶ 2]. In their complaint, Connor outlines the parties' individual physical and mental health concerns, which were regular points of discussion and concern in their relationship. [Id. ¶¶ 2-5, 7, 11]. The relationship began to devolve when Goldsmith created a Discord server for the purposes of "cult recruitment and reification." [Id. ¶ 8]. When Connor disagreed with Goldsmith's online behavior, Goldsmith then referred to Connor as a "stalker" and began "incit[ing] physical threats against plaintiff." [Id. ¶ 10]. Connor asserts that during this period, Connor was also suffering health complications and argues that they missed payments for their storage unit and eventually lost the unit and its contents. [Id. ¶ 11]. As outlined in the Amended Complaint and the subsequent supplemental filings, there is substantial evidence of online interactions between the parties and frequent police involvement in their relationship. [Id. ¶ 12; ECF Nos., 27, 29, 44-46].

Connor alleges that there is a continuous social media campaign of "slander and incitement of threats" against them, where Goldsmith posted a picture of a package with Goldsmith's address alleging Connor had sent menstrual blood to Goldsmith's home, and later instructed his social media followers to "SWAT" Connor's home. [ECF No. 9 at 4].

In terms of relief, Connor seeks a "public apology pinned on all [social media] platforms for two weeks, $76,000, and a cease in communication between Defendant and Plaintiff. [Id.]

### A. Procedural History

Plaintiff filed their complaint on October 17, 2024. [ECF No. 1]. The initial complaint was not served to the Defendant. Plaintiff filed an Amended Complaint on June 13, 2025. [ECF No. 9]. After delays in service to Defendant, Defendant Goldsmith filed his Motion to Dismiss on November 17, 2025. [ECF No. 22]. The parties have since filed dozens of supplemental exhibits and briefings outlining their relationship on social media platforms, by text, and police altercations. [See ECF Nos. 24-53]. Plaintiff has not submitted a formal opposition to the Motion to Dismiss to address Defendant's arguments.

## II. LEGAL STANDARDS

When, as here, a plaintiff is proceeding *pro se*, the Court must construe their complaint liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75 (1st Cir. 2014). "Our judicial system zealously guards the attempts of *pro se* litigants on their own behalf." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). "However, *pro se* status does not insulate a party from complying with procedural and substantive law." Id. at 890 (emphasis added). Like other plaintiffs, "even a *pro se* plaintiff is required 'to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Adams v. Stephenson, 116 F.3d 464, *1 (1st Cir. 1997) (unpublished table decision) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, and as such, the Court has "a responsibility to police the border of federal jurisdiction." Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001). The Court "must resolve questions pertaining to its subject-matter jurisdiction before it

may address the merits of a case." Donahue v. Boston, 304 F.3d 110, 117 (1st Cir. 2002) (citation omitted).  When an action is brought in federal court pursuant to diversity jurisdiction, jurisdiction is proper only where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.  The burden is on the plaintiff to "establish that the minimum amount in controversy has been met." CE Design, Ltd. v. Am. Econ. Ins. Co., 755 F.3d 39, 43 (1st Cir. 2014) (quoting Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 41 (1st Cir. 2012)).  A plaintiff's "good faith allegation of damages meeting the required amount in controversy is usually enough." Id.  However, the First Circuit has held "'legal certainty that the claim is really for less than the jurisdictional amount,' [] trumps the plaintiff's good faith in claiming for a larger amount." See Esquilín-Mendoza v. Don King Prods., Inc., 638 F.3d 1, 4 (1st Cir. 2011) (citations omitted) (discussing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)).  In other words, "jurisdiction is defeated notwithstanding the plaintiff's good faith in claiming for the jurisdictional amount if one familiar with the applicable law could not reasonably have concluded that the claim was worth the jurisdictional amount." Id.  "Where it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount,' dismissal is required." Id. (quoting St. Paul Mercury Indem. Co., 303 U.S. at 289).

### III.  DISCUSSION

#### A.  Subject matter jurisdiction

Plaintiff Connor is a resident of Massachusetts, and Defendant Goldsmith is a resident of California. [ECF No. 9 at 3].  Therefore, there is complete diversity among the parties in this case. See Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 53-54 (1st Cir. 2009) ("[D]iversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant.").  In the Defendant's Motion to Dismiss, he argues that the Plaintiff cannot feasibly meet the amount

4

in controversy requirement of exceeding $75,000 pursuant to 28 U.S.C. § 1332, and therefore the federal court does not have jurisdiction to hear the matter. [ECF No. 22 at 9-10]. The Court agrees.

It is the Plaintiff's burden to prove in their filings that the amount in controversy may reasonably exceed $75,000, exclusive of interest and costs. CE Design, Ltd., 755 F.3d at 43. This burden is heightened when a Defendant challenges the Court's subject matter jurisdiction based on the amount in controversy; in such case, the plaintiff must allege, with "sufficient particularity," facts that support their claim for the jurisdictional amount. Andersen v. Vagaro, Inc., 57 F.4th 11, 15 (1st Cir. 2023) (quoting Dep't of Recreation & Sports of P.R. v. World Boxing Ass'n, 942 F.2d 84, 88 (1st Cir. 1991)).  Although Connor had an opportunity and notice to respond to Defendant's Motion to Dismiss, he did not file an opposition. Connor asserts $76,000 in damages, but the Amended Complaint and Plaintiff's numerous supplemental filings are devoid of any specific allegations regarding their damages which would support an amount in controversy in excess of $75,000. Connor's bare allegation that their claim meets the amount in controversy requirement for diversity subject matter jurisdiction is insufficient. The Court cannot reasonably infer that the state claims of intentional emotional distress and defamation would exceed $75,000. Accordingly, the Court finds that  "it is apparent, to a legal certainty," that the plaintiff is not "entitled to recover a sum equal to, or in excess of, the jurisdictional minimum." Esquilin-Mendoza, 638 F.3d at 4 (citations omitted).

Connor's allegations fail to establish this Court's subject matter jurisdiction. As detailed above, the Amended Complaint fails to satisfy the amount in controversy requirement to establish federal diversity jurisdiction under 28 U.S.C. §1332. Further, there is no federal question plausibly pleaded on the face of the Amended Complaint that would support federal question jurisdiction under 28 U.S.C. § 1331. Even with the more liberal construction accorded a *pro se* litigant's

pleading, the Complaint fails to provide a basis for this Court's jurisdiction. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Rodi v. New Eng. Sch. Of Law</u>, 389 F.3d 5, 13 (1st Cir. 2004). Accordingly, dismissal is warranted. See <u>Esquilin-Mendoza</u>, 638 F.3d at 4 (citations omitted).

### A. Personal jurisdiction, Venue, Failure to State a Claim

Since this Court has determined that it does not have subject matter jurisdiction over the case, it will not render any judgments on the merits of the claims. See e.g., <u>Christopher v. Stanley-Bostitch, Inc.</u>, 240 F.3d 95, 100 (1st Cir. 2001) ("When a federal court concludes that it lacks subject matter jurisdiction over a case, it is precluded from rendering any judgments on the merits of the case.").

### IV. CONCLUSION

For the reasons stated above, Plaintiff's case is **DISMISSED without prejudice** for lack of jurisdiction.

### V. SUMMARY FOR PRO SE PLAINTIFF

Federal courts are courts of limited jurisdiction and there are two primary ways that a Court can have original jurisdiction over the claims in a case. This means that an individual seeking relief from a federal court must assert claims under federal law or there must be "diversity jurisdiction." To achieve diversity jurisdiction, a plaintiff must properly assert in their complaint that they reside in a different state from all defendants in a lawsuit **and** that the total damages in the case are over $75,000, exclusive of costs and interests. The claims you have brought in this case, intentional infliction of emotional distress and defamation, are state law claims. Although you plead in the Amended Complaint that you reside in a different state than the defendant, you do not outline with enough particularity how you meet the threshold of exceeding $75,000 in damages. Therefore,

your complaint is not properly before this federal court. You may pursue these claims in a state court.

For the reasons stated above, the Motion to Dismiss, ECF No. 22, is **GRANTED.**

**SO ORDERED.**

Dated: December 10, 2025

                                          /s/ Margaret R. Guzman
                                         Margaret R. Guzman
                                         United States District Judge